UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. _____

DOUG GEORGE and                  PLAINTIFFS
GEORGE & COMPANY, INC.

v.                         **COMPLAINT**

SOUTHERN COAL CORPORATION             DEFENDANTS
and SOUTHERN COAL KENTUCKY CORPORATION
d/b/a SOUTHERN COAL CORPORATION

Serve:   Southern Coal Corporation
          The Corporation Trust Company
          Corporation Trust Center
          1209 Orange Street
          Wilmington, DE 19801

          Southern Coal Kentucky Corporation
          CT Corporation System
          306 West Main Street
          Suite 512
          Frankfort, KY 40601

\* \* \* \* \* \* \* \* \* \* \*

Come the Plaintiffs Doug George and George & Company, Inc. and for their Complaint against the Defendants Southern Coal Corporation and Southern Coal Kentucky Corporation d/b/a Southern Coal Corporation, state as follows:

### THE PARTIES

1.      Plaintiff Doug George ("Doug") is a citizen and resident of Laurel County, Kentucky.

2.      Plaintiff George & Company, ("George") is a corporation incorporated under the

laws of Kentucky and has a principal place of business located at 594 Rose Jones Lane, London, Kentucky 40741 within Laurel County, Kentucky. It is a citizen and resident of Laurel County, Kentucky.

3. According to the Kentucky Secretary of State, Southern Coal Corporation is a foreign corporation organized and existing under the laws of Delaware and has a principal place of business located at 818 North Eisenhower Drive, Beckley, West Virginia 25801. According to the Delaware Secretary of State, Southern Coal Corporation has a registered agent of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Southern Coal Corporation may have moved it principal place of business to 302 S Jefferson St. Roanoke, Virginia 24011. This corporation is a citizen of Delaware, West Virginia or Virginia.

4. Defendant Southern Coal Kentucky Corporation is a foreign corporation organized and existing under the laws of Delaware, having its principal place of business located at 302 South Jefferson Street, Roanoke, Virginia 24011. This corporation is a citizen of Delaware and Virginia. It has a registered agent of CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601. According to the Kentucky Secretary of State, Southern Coal Kentucky Corporation also does business as and under the name of Southern Coal Corporation. Southern Coal Corporation has registered its name with the Kentucky Secretary of State as a real name of foreign organization which filed under a fictitious name.

5. Defendants Southern Coal Corporation and Southern Coal Kentucky Corporation are referred to herein collectively in the singular as "Defendant Southern Coal" or "Southern Coal" unless stated otherwise.

6. Plaintiff Doug is the President of the Plaintiff George and has an ownership in George. Plaintiff George has been assigned all rights, title and interest in all cause of actions and

2

claims that Doug may have or has against Defendant Southern Coal arising from the breach of contract claims and other cause of actions alleged herein.

7. As Assignee under the Assignment, Plaintiff George has all rights, title and interest that Plaintiff Doug may have against Defendant Southern Coal arising from the breach of contract claims and other cause of actions alleged herein and is entitled to assert these claims against Defendants on behalf of Plaintiff George.

## JURISDICTION AND VENUE

8. At all times alleged herein, the Defendants Southern Coal Corporation and Southern Coal Kentucky Corporation conducted and transacted business within the Commonwealth of Kentucky and in Laurel County, Kentucky. Both Southern Coal Corporation and Southern Coal Kentucky Corporation have transacted and conducted business in the state of Kentucky by contracting with entities and individuals within Kentucky and registering with the Kentucky Secretary of State to conduct business in Kentucky. Southern Coal Corporation and Southern Coal Kentucky Corporation also operate businesses and coal mine operations within Kentucky and have engaged in the transportation of goods and products into and through Kentucky. Furthermore, Southern Coal Corporation and Southern Coal Kentucky Corporation have subjected themselves to the personal jurisdiction of this Court by entering into contractual agreements with Plaintiffs to perform tax consulting services for them and to obtain refunds of Kentucky sales tax, use tax, tangible property tax and excise taxes.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 by reason of diversity of citizenship between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

10. Complete diversity jurisdiction exists pursuant to 28 U.S. C. 1332. The Plaintiff Doug is a citizen and resident of Kentucky. The Plaintiff George was and is a corporation

existing under the laws of Kentucky and has its principal place of business in Kentucky. The Defendant Southern Coal Corporation was and is a corporation existing under the laws of Delaware and has its principal place of business in either West Virginia or Virginia. Defendant Southern Coal Kentucky Corporation was and is a corporation existing under the laws of Delaware and has its principal place of business in Virginia.

11. The claims and damages asserted herein arise from contractual agreements that were entered into and to be performed in Laurel County, Kentucky. Pursuant to the Joint Local Rules, U.S. District Courts for the Eastern and Western Districts of Kentucky, LR 3.1(a)(3)(A), Laurel County falls within the Southern Division at London. As such, venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

COUNT ONE
(BREACH OF CONTRACT)

12. Plaintiffs incorporate and reaffirm all previous allegations of the Complaint as if fully set herein.

13. Defendant Southern Coal, through its authorized officers, employees, representatives and agents, including but not limited to Brian Rice, entered into a contractual agreement with Plaintiff Doug on or about June 26, 2012. Brian Rice, Southern Coal's officer, employee, agent or representative, officer executed the Agreement dated June 26, 2012 (the "June 2012 Agreement") on behalf of Southern Coal and/or its subsidiaries or affiliated entities, including but not limited to James C. Justice Companies, Inc., Kentucky Fuel Corporation, Premium Coal Company, Inc., TAMS Management, Inc., Justice Low Seam Mining, Inc. and Sequoia Energy, LLC and represented that he was duly authorized to execute the Agreement. A copy of the June 2012 Agreement is attached as Exhibit "1".

14. The June 2012 Agreement was executed in Laurel County, Kentucky by Plaintiff Doug. This June 2012 Agreement was performed wholly or in all its essential parts in Laurel County, Kentucky by the Plaintiffs as it conducted and transacted operations in performance of the Agreement in Laurel County, Kentucky.

15. Southern Coal, through its authorized officers, employees, representatives and agents, including but not limited to Brian Rice, entered into a supplemental contractual agreement with Plaintiff Doug on or about July 9, 2012. Brian Rice, Southern Coal's officer, employee, agent or representative, officer executed the Agreement dated July 9, 2012 (the "July 2012 Agreement") on behalf of Southern Coal and/or its subsidiaries or affiliated entities, including but not limited to James C. Justice Companies, Inc., Kentucky Fuel Corporation, Premium Coal Company, Inc., TAMS Management, Inc., Justice Low Seam Mining, Inc. and Sequoia Energy, LLC and represented that he was duly authorized to execute the Agreement. A copy of the July 2012 Agreement is attached as Exhibit "2".

16. The July 2012 Agreement was executed in Laurel County, Kentucky by Plaintiff Doug. This July 2012 Agreement was performed wholly or in all its essential parts in Laurel County, Kentucky by the Plaintiffs as it conducted and transacted operations in performance of the Agreement in Laurel County, Kentucky.

17. On or about July 9, 2012, on behalf of Southern Coal and/or its subsidiaries or affiliated entities, including but not limited to James C. Justice Companies, Inc., Kentucky Fuel Corporation, Premium Coal Company, Inc., TAMS Management, Inc., Justice Low Seam Mining, Inc. and Sequoia Energy, LLC also verbally agreed with Plaintiffs Doug and George that each of them would assist Southern Coal in providing consulting services, reviewing records and tax refund assistance in an effort to obtain refunds of Kentucky sales tax, use tax, tangible property tax and excise taxes from the State of Kentucky that may be owed to Southern Coal

and/or its subsidiaries or affiliated entities, including but not limited to James C. Justice Companies, Inc., Kentucky Fuel Corporation, Premium Coal Company, Inc., TAMS Management, Inc., Justice Low Seam Mining, Inc. and Sequoia Energy, LLC.

18. The June 2012 Agreement, the July 2012 Agreement and the verbal agreement are referred to herein collectively as the "Agreement" unless specified otherwise.

19. Pursuant to the parties' Agreement, Defendant Southern Coal requested Plaintiff Doug to assist Southern Coal in providing consulting services, reviewing records and tax refund assistance in an effort to obtain refunds of Kentucky sales tax, use tax, tangible property tax and excise taxes from the State of Kentucky that may be owed to Southern Coal and/or its subsidiaries or affiliated entities, including but not limited to James C. Justice Companies, Inc., Kentucky Fuel Corporation, Premium Coal Company, Inc., TAMS Management, Inc., Justice Low Seam Mining, Inc. and Sequoia Energy, LLC.

20. As part of the parties' Agreement, Plaintiffs agreed to recommend potential strategies and identify potential tax refund opportunities within Southern Coal and/or its subsidiaries or affiliated entities and to work on obtaining refunds of Kentucky sales tax, use tax, tangible property tax and excise taxes from the State of Kentucky that may be owed to Southern Coal and/or its subsidiaries.

21. Pursuant to the parties' Agreement, Plaintiffs were to receive thirty percent (30%) of any and all refunds generated from overpayments made to either the vendor or the Kentucky Department of Revenue, with Plaintiffs being responsible for all of the expenses.

22. Pursuant to the parties' Agreement, Plaintiffs did obtain tax refunds for Southern Coal and/or its subsidiaries or affiliated entities in the amount of $622,259.41. This amount represented refunds of Kentucky sales tax, use tax, tangible property tax and excise taxes from the State of Kentucky that was owed to Southern Coal and/or its subsidiaries or affiliated entities.

Defendant Southern Coal and/or its subsidiaries or affiliated entities did pay Plaintiffs thirty percent (30%) of the $622,259.41 for these refunds pursuant to the parties' Agreement.

23.     Pursuant to the parties' Agreement, Plaintiffs obtained additional tax refunds for Southern Coal and/or its subsidiaries or affiliated entities, including but not limited to James C. Justice Companies, Inc., Kentucky Fuel Corporation, Premium Coal Company, Inc., TAMS Management, Inc., Justice Low Seam Mining, Inc. and Sequoia Energy, LLC.  in the amount of $1,729,987.13.  This amount represented refunds of Kentucky sales tax, use tax, tangible property tax and excise taxes from the State of Kentucky that was owed to Southern Coal and/or its subsidiaries or affiliated entities.  As a result of Plaintiffs' work and efforts in obtaining the refund amount of $1,729,987.13, Plaintiffs are entitled to the additional sum of $518,996.14, which has not been paid.

24.     The amount of $518,996.14 represents amounts due on invoices that were dated May 6, 2013 for $427,176.82; May 6, 2013 for $77,954.55; June 6, 2013 for $378.42; August 12, 2013 for $8,446.17; and August 29, 2013 for $5,040.18.  These amounts are due and owing, but have not been paid.

25.     Plaintiffs have performed all the terms of the Agreement between the parties.

26.     Defendant Southern Coal further owed Plaintiffs a duty of good faith and fair dealing.

27.     Defendant Southern Coal has breached the terms of the Agreement with the Plaintiffs by failing to make the contractually required payments pursuant to the terms of the Agreement.

28.     Defendant Southern Coal has further breached its duty and covenant of good faith and fair dealing owed to Plaintiffs.

29. Defendant Southern Coal is in default of the Agreement and has refused and neglected to pay Plaintiffs the contractually required amounts due therein.

30. Demand has been made upon the Defendant Southern Coal, but it has refused payment thereof.

31. As a result of the breaches set forth above by Southern Coal, Plaintiffs are entitled to damages in the amount of $518,996.14 and all other damages related thereto.

## COUNT TWO
(Unjust Enrichment/Quantum Merit)

32. Plaintiffs assert and incorporate all previous allegations of the Complaint as if fully set forth and incorporated herein.

33. Plaintiffs provided and rendered valuable services that were furnished and they also incurred expenses to and for the benefit of the Defendant Southern Coal and its subsidiaries and/or affiliated entities, with the understanding and expectation that compensation would be paid to them.

34. These valuable services provided and expenses incurred by Plaintiffs were accepted by Defendant Southern Coal and its subsidiaries and/or affiliated entities, or at least were received by Defendant Southern Coal and its subsidiaries and/or affiliated entities, or were rendered with the knowledge and consent of Defendant Southern Coal and its subsidiaries and/or affiliated entities, under such circumstances as reasonably notified the Defendant Southern Coal and its subsidiaries and/or affiliated entities that Plaintiffs expected to be paid by them.

35. Despite the valuable services provided and expenses incurred by Plaintiffs and the benefits received by Defendant, Defendant Southern Coal refuses to compensate Plaintiffs.

36. Defendant Southern Coal has improperly profited and been unjustly enriched through Plaintiffs' services. As such, Defendant is not entitled to retain Plaintiffs' monies and the amount of $518,996.14 is due to Plaintiffs.

37. As a direct and proximate result of the actions, services, expenses and benefits provided by Plaintiffs and as set forth above, the Defendant Southern Coal is indebted and owes Plaintiffs the amount of $518,996.14 and all other damages related thereto.

## COUNT THREE
(Constructive Trust)

38. Plaintiffs assert and incorporate all previous allegations of the Complaint as if fully set forth and incorporated herein.

39. Defendant Southern Coal is in possession of monies remitted by various third parties for the tax refunds that was intended for payment to Plaintiffs for their services.

40. Defendant holds these monies in constructive trust for Plaintiffs and this Court should order the Defendant Southern Coal to release the monies to Plaintiffs in the amount of $518,996.14.

41. As a direct and substantial result of Defendant's aforementioned actions, Plaintiffs are entitled to an order from this Court requiring the amount of $518,996.14 be remitted to the Clerk of the Court for deposit until this matter is adjudicated.

42. As a direct and substantial result of Defendant's aforementioned actions, Plaintiffs have incurred damages in the amount of $518,996.14 and are entitled to an order of the Court requiring payment to them and all other damages related thereto.

## COUNT FOUR
(Conversion)

43. Plaintiffs assert and incorporate all previous allegations of the Complaint as if fully set forth and incorporated herein.

44. Pursuant to the parties' Agreement, the Plaintiffs were to be paid for services provided by them.

45. Defendant Southern Coal has intentionally, wrongfully and willfully failed to remit and deliver the proceeds of payments from the State of Kentucky to Plaintiffs, thereby wrongfully converting said sums for its own personal use and benefit and has refused to pay Plaintiffs for this conversion.

46. As a direct and substantial result of Defendant Southern Coal's aforementioned actions, Plaintiffs has incurred damages in the amount of $518,996.14 and other damages related thereto.

47. Additionally, Plaintiff is entitled to punitive damages in an amount to be determined for the intentional, willful and intentional actions of Defendant Southern Coal.

## COUNT FIVE
### (PROMISSORY ESTOPPEL)

48. Plaintiffs assert and incorporate all previous allegations of the Complaint as if fully set forth and incorporated herein.

49. Plaintiffs have provided valuable services, expended time and money for which the Defendant Southern Coal and its subsidiaries and/or affiliated entities received benefits and consideration through tax refunds received from the State of Kentucky that were the result of Plaintiffs' work, efforts, knowledge, experience and services.  Furthermore, Plaintiffs provided these services to Defendant based upon representations, assurances and actions made by the Defendant that payment would be made and forthcoming.

50. Plaintiffs reasonably relied upon such representations, assurances and actions believing that they would be paid and therefore expended additional time, money and efforts to comply therewith the requests, all to their detriment, which constitutes promissory estoppel.

51.     Based upon those representations, assurances and actions of Defendant Southern Coal, the Plaintiffs reasonably relied upon such representations, assurances and actions believing that the services would be paid for and therefore expended efforts and funds to comply therewith, all to their detriment, which constitutes promissory estoppel.  As such, the Defendant's actions act as an estoppel against Southern Coal from now denying the claims of Plaintiffs.

52.     Despite such benefits received, Defendant Southern Coal refuses to compensate Plaintiffs as assured, represented and as required.

53.     As a direct and proximate result of the actions, assurances and representations of the Defendant Southern Coal that were to the detriment of the Plaintiffs, they have suffered damages in the amount of $518,996.14 and fall other damages related thereto.

WHEREFORE, the Plaintiffs Doug George and George & Company, Inc. demand judgment against the Defendants Southern Coal Corporation and Southern Coal Kentucky Corporation d/b/a Southern Coal Corporation, jointly and severally, in the amount of $518,996.14; for punitive damages against both Defendants in an amount to be determined by a jury; for a jury trial on all issues so triable; for an order from this Court requiring the amount of $518,996.14 be remitted to the Clerk of the Court for deposit until this matter is adjudicated; for pre-judgment and post-judgment interest; for its court costs incurred herein; and for any and all other relief or orders which they may be entitled.

Respectfully submitted,

/s/Benjamin Lee Kessinger, III
Benjamin Lee Kessinger, III
Robert C. "Coley" Stilz, III
KINKEAD & STILZ, PLLC
PNC Tower
301 East Main Street, Suite 800
Lexington, KY  40507
Phone: (859)296-2300
Facsimile: (859)296-2566
ATTORNEYS FOR PLAINTIFFS